FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 SEP -1 PM 3:??

U.S. DISTRICT COURT
N.D. OF ALABAMA

ORIX CREDIT ALLIANCE, INC.,        }
                                    }
     Plaintiff,                     }
                                    }
                                    }   CIVIL ACTION NO.
v.                                  }
                                    }   98-AR-2636-S
OAK MOUNTAIN ENERGY, L.L.C.,        }
                                    }
     Defendant.                     }
                                    }

ENTERED
SEP - 1 1999

**MEMORANDUM OPINION**

On July 2, 1999, Magistrate Judge Putnam, on reference from this court, entered an order responding to the motion of plaintiff and judgment creditor, Orix Credit Alliance, Inc. ("Orix"), to compel Shelby Energy Group, L.L.C ("Shelby") and the Zither Mining Company, Inc. ("Zither"), to produce documents in addition to documents that they had already produced, and to produce Rule 30(b)(6) representatives for further questioning.  The said 30(b)(6) witnesses had been instructed earlier by counsel for Shelby and Zither not to answer certain questions put to them by Orix.  On July 7, 1999, the magistrate judge granted the protective order requested by Kiewit Mining Services, Inc. ("Kiewit"), limiting the scope of Orix's discovery as against Kiewit consistent with the July 2 denial of Orix's motions to compel Shelby and Zither to respond further to Orix's discovery demands.

1



The "document" question has been mooted by the fact that Shelby and Zither say that they do not have access to any of the documents described in Orix's requests for further production.

The magistrate judge agreed with Shelby, Zither, and Kiewit, the corporations which have objected to discovery, and which refused to allow their 30(b)(6) witnesses to answer questions designed by Orix to elicit the witnesses' knowledge, if any, about possible relationships between Orix and corporations or entities other than Shelby, Zither, and Kiewit. Obviously, Orix is fishing for information beyond the issue of the possible responsibility or liability of Shelby and/or Zither and/or Kiewit for Orix's judgment against Oak Mountain Energy, L.L.C. The magistrate judge reasoned that the proposed inquiries by Orix relate to information beyond the knowledge of the "organizations" being deposed and not "reasonably available" to those organizations. See Rule 30(b)(6).

Orix timely objected to the magistrate judge's rulings. This court, at its regular motion docket on August 13, 1999, heard oral argument respecting Orix's objections. After sharing the court's tentative thoughts with the parties, the court gave them time to see if they could work out their differences. Not having heard from the parties since August 13, the court deduces that it cannot avoid ruling on Orix's objections.

The issues presented by Orix's motion to compel and by Kiewit's motion for protective order must be addressed by this

court *de novo*. This court agrees with the magistrate judge that Rule 30(b)(6) expressly limits the questions put to a deponent proffered as a representative of a corporation to matters "known or reasonably available to the organization [corporation]." The problem is in ascertaining what is actually "known or reasonably available to the organization." Obviously, a corporation, which is a legal fiction, can know nothing except through the minds of its agents. What an officer of a corporation knows, if not automatically or constructively known by the corporation, is surely "reasonably available" to the corporation if it should ask for that information, even though there may be a legitimate argument about whether that officer's knowledge was necessary or may be helpful to the operation of the corporation. Shelby, Zither, and Kiewit argue that Orix should be allowed to obtain information known by their 30(b)(6) deponents, to the extent that such information was learned by them outside the scope of their respective corporate responsibilities, only by deposing them **as individuals** and not while they happen to be serving as 30(b)(6) representatives. Shelby, Zither, and Kiewit also suggest that a "due process" or "fair notice" problem is created if a 30(b)(6) witness is asked a question seeking information outside the knowledge that the witness acquired in his capacity as the agent or employee of the organization being deposed. Whether this fairness concern, if it exists, is the concern of the individual witness, or of the

3

organization furnishing him, or of some party or entity about which the interrogating lawyer inquires without advance notice to the witness or to the third-party, or of more than one of these, is an interesting and unanswered question. Shelby's, Zither's, and Kiewit's standing to object on behalf of an entirely separate, third-party subject of inquiry, presents another interesting question. Rule 30(b)(6) admittedly provides some limitation on the scope of the interrogation of a corporate representative. Where to draw the line is not always easy. An unrepresented, un-notified third-party which or who is mentioned at a 30(b)(6) deposition, is, of course, not bound by judicial estoppel or other principle of law, by any statement made by the deponent corporation's 30(b)(6) witness, but it does not follow that a 30(b)(6) witness cannot be asked a single question about matters within his personal knowledge, with respect to that unrepresented, un-notified third-party. To draw the line between what a witness knows as a product of his association with the 30(b)(6) organization and what he knows from other sources, could require a great deal of the court's time and effort if counsel for a 30(b)(6) organization should, by this opinion, be encouraged to draw the line stingily. As a practical matter, a 30(b)(6) witness who admittedly could be subpoenaed and deposed **personally** should be fair game for some questioning with respect to matters actually known to him and relevant to the general inquiry, even if that knowledge may be unimportant to the

4

organization furnishing him for deposition. To explore how and for what reason the witness obtained his knowledge before he imparts that knowledge would create a chicken-and-egg problem among other problems. This court would be better off to preside over all post-judgment 30(b)(6) depositions than to have to deal with 30(b)(6) deponents' and non-parties' motions to compel and/or motions for protective orders.

Based on the foregoing, the court concludes that Orix's objections to the magistrate judge's rulings are well taken. Therefore, by separate order the court will vacate the magistrate judge's orders, will grant Orix's motion to compel and will deny Kiewit's motion for a protective order.

DONE this ___1st___ day of September, 1999.

/s/ William M. Acker
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE